UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **LOUISE CAMPBELL-ANTHONY** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 05-mc-2082 |
| ) | |
| **BRUCE CLARK et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

Plaintiff, Louise Campbell-Anthony, filed a document entitled "Amended Commercial Notice Within the Admiralty of the Filing of Foreign Judgment" (#1) with numerous attachments, including a lengthy list of Defendants. This court has carefully reviewed the documents filed by Plaintiff and found no reference to any foreign judgment. Although various federal statutes are referenced in the documents, this court also found no discernable claim.

"The Supreme Court has repeatedly held that 'federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit.'" Gammon v. GC Servs. Ltd. P'ship, 27 F.3d 1254, 1256 (7th Cir. 1994), quoting Hagans v. Lavine, 415 U.S. 528, 536 (1974). Accordingly, the "substantiality doctrine" dictates that, before a district court may entertain a claim for recovery under the Constitution or federal statutes, it must conduct an initial review of the face of the complaint to determine whether the merits are sufficiently substantial to engage the subject matter jurisdiction of the court. Gammon, 27 F.3d at 1256. If, following this review, the district court determines that the claim is "wholly insubstantial and frivolous," the court does not have the power to decide the case and the complaint must be dismissed for lack of subject matter jurisdiction. Gammon, 27 F.3d at 1256.

Following this court's review, this court finds that the documents filed are rambling and generally incomprehensible and, as noted previously, contain no discernable claim. Therefore, this court concludes that the case must be dismissed for lack of subject matter jurisdiction based upon the substantiality doctrine.

IT IS THEREFORE ORDERED THAT:

(1) This court concludes that it does not have subject matter jurisdiction over Plaintiff's Complaint (#1). Accordingly, this cause is dismissed for want of subject matter jurisdiction.

(2) This case is terminated.

ENTERED this 12th day of July, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE